IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DEOSEN BIOCHEMICAL (ORDOS) LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*. | Court No. 25-00145 |

# COMPLAINT

Plaintiff Deosen Biochemical (Ordos) Ltd. ("Plaintiff" or "Deosen"), by its counsel, states the following claims against the Defendant, the United States.

## JURISDICTIONAL STATEMENT

1. This action contests the factual findings and legal conclusions made by the U.S. Department of Commerce ("Commerce") in the 10th administrative review of the antidumping duty order on Xanthan Gum from the People's Republic of China (Case No. A-570-985) for the period of July 1, 2022 through June 30, 2023 ("AR10"). *See Xanthan Gum From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022–2023*, 90 Fed. Reg. 22,240 (Dep't of Commerce, May 27, 2025) ("Final Results").

2. Commerce's analysis of issues raised and decisions thereon in the Final Results is contained in, *inter alia*, the "*Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Xanthan Gum from the People's Republic of China; 2022-2023*" (May 20, 2025) ("Final Decision Memo").

3.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended (the "Act") (19 U.S.C. § 1516a).

## STANDING OF PLAINTIFF

4.  Plaintiff is a Chinese producer and exporter of the subject merchandise. It is therefore an interested party as defined in 19 U.S.C. § 1677(9)(A). Plaintiff participated in the administrative review that is the subject of this action and accordingly has standing under 19 U.S.C § 1516a(d) and 28 U.S.C. § 2631(c) to bring this action.

## TIMELINESS OF THIS ACTION

5.  The Final Results were published in the Federal Register on May 27, 2025 (90 Fed. Reg. 22,240). Plaintiff commenced this action by filing a summons on June 26, 2025, which is within 30 days of the publication of the Final Results. This Complaint is being timely filed under 19 U.S.C. § 1516a(2)(A).

## TIMELINE OF THE EVENTS

6.  On July 19, 2013, Commerce published in the Federal Register an antidumping duty order on xanthan gum from China (the "Order").

7.  On September 11, 2023, Commerce initiated a review of the Order with respect to Deosen and other Chinese xanthan gum producers and/or exporters. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg. 62,322 (Dep't of Commerce Sept. 11, 2023) ("Initiation Notice").

8. On September 29, 2023, Commerce selected Fufeng[1] and Deosen as mandatory respondents for individual examination.

9. From November 2023 through July 2024, Deosen timely responded to Commerce's initial and supplemental questionnaires. In its questionnaire responses, Deosen reported all its sales as constructed export price ("CEP") sales. When reporting the "Date of Shipment" for the CEP sales, Deosen reported the invoice date from Deosen USA Inc. ("Deosen USA"), Deosen's affiliated U.S. importer.

10. Deosen adopted this reporting approach for U.S. sales of subject merchandise that were shipped directly from China to final customers without stopping at Deosen USA's warehouse and for which Deosen USA was responsible for delivering the goods to the customers (hereinafter "Direct Delivery"). Deosen explained in its questionnaire responses that it used this approach because Deosen USA did not separately record the shipment date in the ordinary course of business, and Deosen USA's invoice date approximated the date of delivery to final customers for Direct Delivery sales.

11. On August 23, 2024, Commerce published the preliminary results of the review. *See Xanthan Gum From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Rescission, in Part, and Preliminary Determination of No Shipments*; 2022-2023, 89 Fed. Reg. 68,136 (Dep't of Commerce Aug. 23, 2024) ("Preliminary Results"). Using the information Deosen reported, Commerce preliminarily calculated a dumping margin of 1.56 percent for Deosen. *See Decision Memorandum for the Preliminary*

---

[1] Fufeng refers to the collapsed entity, Neimenggu Fufeng Biotechnologies Co., Ltd. (aka Inner Mongolia Fufeng Biotechnologies Co., Ltd.), Shandong Fufeng Fermentation Co., Ltd., and Xinjiang Fufeng Biotechnologies Co., Ltd. (collectively, "Fufeng").

*Results of the 2022-2023 Administrative Review of the Antidumping Duty Order on Xanthan Gum from the People's Republic of China* (August 6, 2024) ("Preliminary Decision Memo").

12. From November 6 to November 8, 2024, Commerce conducted a verification of Deosen USA. In its verification report, Commerce noted as an issue for the first time that Deosen reported the date of shipment according to the final U.S. customer invoice date for Direct Delivery sales.

13. On February 12, 2025, Deosen submitted a case brief to Commerce, in which it explained that it reasonably relied on Deosen USA's invoice date to unaffiliated customers to report the shipment date for Direct Delivery sales.

14. Other parties, including the petitioner, did not comment on the issues raised by Deosen.

15. On May 27, 2025, Commerce published the Final Results. In the Final Decision Memorandum, Commerce found that for Direct Delivery sales, Deosen withheld information on the shipment date from its factory in China and failed to cooperate to the best of its ability. As such, Commerce applied partial facts otherwise available with an adverse inference ("partial AFA") for those sales. As partial AFA, Commerce used the largest reported difference between Deosen's shipment date and payment date in the U.S. sales database to determine the credit expenses for all Direct Delivery sales. Based on this change, Commerce increased Deosen's dumping margin from 1.56 percent to 6.46 percent in the Final Results.

16. On May 27, 2025, Deosen submitted ministerial error comments, arguing that Commerce should correct a clerical error in calculating the credit expenses, because contrary to Commerce's conclusion, the record contains the information necessary for Commerce to

4

determine Deosen's date of shipment from the factory in China without applying an adverse inference.

17. On June 11, 2025, Commerce issued a ministerial error memorandum, in which it determined that Deosen's allegation does not constitute a ministerial error, and thus, Commerce made no changes to the Final Results.

## STATEMENT OF CLAIMS

### COUNT I

18. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-17.

19. Deosen reported Deosen USA's invoice date as the shipment date in response to Commerce's initial and supplemental questionnaires for Direct Delivery sales, and Commerce did not request clarification or identify any deficiencies in Deosen's reporting until it noted it as an issue for the first time in its verification report. Commerce's decision to not accept Deosen's reported shipment date was unsupported by substantial evidence and was otherwise contrary to law.

### COUNT II

20. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-19.

21. By applying partial AFA to Deosen, Commerce has acted contrary to Section 776(a) of the Tariff Act of 1930 (19 U.S.C. § 1677e(a)), which permits the use of facts otherwise available where necessary information is not available on the record, or where an interested party withholds information requested by Commerce, fails to provide information by the deadline, significantly impedes the proceeding, or provides information that cannot be verified.

22. In the case at hand, the record contains the information necessary to accurately determine the shipment date, and there is no indication that Deosen withheld information, or

otherwise acted in a way that permits the use of facts otherwise available.  As such, Commerce's application of partial AFA is not supported by substantial evidence or in accordance with law.

## COUNT III

23.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-22.

24.    By applying an adverse inference, Commerce has also acted contrary to Section 776(b) of the Tariff Act of 1930 (19 U.S.C. § 1677e(b)), which permits the use of an adverse inference only where the interested party fails to cooperate by not acting to the best of its ability to comply with a request for information from Commerce.

25.    The record reflects that Deosen was fully cooperative in responding to Commerce's requests for information, at the verification of Deosen USA, and throughout the review.  As such, Commerce's finding that Deosen failed to cooperate to the best of its ability within the meaning of section 776(b) of the Tariff Act of 1930 (19 U.S.C. § 1677e(b)) is not supported by substantial evidence or in accordance with law.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court enters judgment as follows:

(1)    hold that the Commerce's determinations in Counts I-III were unsupported by substantial evidence and were otherwise not in accordance with the law;

(2)    order Commerce to recalculate the antidumping duty margin assigned to the Plaintiff in AR10 by correcting the errors set forth in Counts I-III;

(3)    order Commerce to publish amended final results in the Federal Register in accordance with a final decision by the Court in this matter;

(4)  order Commerce to issue liquidation instructions to U.S. Customs and Border Protection consistent with the Court's decision; and

(5)  award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

*/s/ Lian Yang*

Lian Yang

ALSTON & BIRD LLP
950 F St N.W.
Washington D.C. 20004
(202) 239-3490
lian.yang@alston.com

*Counsel for Deosen Biochemical (Ordos) Co. Ltd.*

July 25, 2025

## CERTIFICATE OF SERVICE

*Deosen Biochemical (Ordos) Ltd. v. United States*
Court No. 25-00145

I, Lian Yang, certify that a copy of the complaint was served on the following parties pursuant to Rule 4 via registered mail, return receipt requested on July 25, 2025:

| | |
|---|---|
| Attorney-in-Charge<br>**U.S. Department of Justice**<br>International Trade Field Office<br>National Courts Branch<br>Room 346<br>26 Federal Plaza<br>New York, NY 10278 | Daniel Bertoni, Esq.<br>Trial Attorney<br>**U.S. Department of Justice**<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Daniel.Bertoni@usdoj.gov |
| Chief Counsel<br>**U.S. Department of Commerce**<br>Office of the Chief Counsel for Trade Enforcement and Compliance<br>International Trade Administration<br>1401 Constitution Ave., NW<br>Washington, DC 20230 | Nazak Nikakhtar, Esq.<br>**Wiley Rein LLP**<br>2050 M Street, NW<br>Washington, DC 20036<br>nnikakhtar@wiley.law |
| Ned H. Marshak, Esq.<br>**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**<br>1201 New York Avenue NW,<br>STE 650<br>Washington, DC 20005<br>nmarshak@gdlsk.com | Matthew Kanna, Esq.<br>**Greenberg Traurig, LLP**<br>2101 L Street NW<br>Washington, D.C. 20037<br>kannam@gtlaw.com |
| Robert George Gosselink, Esq.<br>**Trade Pacific PLLC**<br>700 Pennsylvania Avenue, SE<br>Suite 500<br>Washington, DC 20003<br>rgosselink@tradepacificlaw.com | David Craven, Esq.<br>**Craven Trade Law LLC**<br>3744 N Ashland<br>Chicago, IL 60613<br>david.craven@tradelaw.com |

*/s/ Lian Yang*
Lian Yang
Alston & Bird LLP